IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ABRAHAM RAMEY, #160238, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:23-CV-581-MHT-CSC ) |
| OFFICER FAIR, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff Abraham Ramey, an inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action alleging a violation of his First Amendment rights. Doc. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Doc. 4. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's motion (Doc. 4) be DENIED and this case be DISMISSED without prejudice.

**II.   DISCUSSION**

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

When a prisoner has three or more "strikes" under this rule and fails to pay the requisite filing fees at the time he files his Complaint, the proper procedure is for the Court to dismiss the Complaint without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The three-striker cannot cure such failure by paying the filing fees after the Complaint has been filed. *Id.*

Plaintiff, who has filed numerous cases in the Middle and Northern Districts of Alabama, has accumulated at least three strikes under § 1915(g). *See, e.g., Ramey v. Hightower*, Case No. 2:00-CV-911 (M.D. Ala. 2000) (dismissed as frivolous or malicious); *Ramey v. Money*, Case No. 2:00-CV-1475 (M.D. Ala. 2000) (dismissed as frivolous or malicious); *Ramey v. Riley*, Case No. 2:03-CV-565 (N.D. Ala. 2003) (dismissed as frivolous); and *Ramey v. Barner*, Case No. 4:03-CV-801 (N.D. Ala. 2003) (dismissed for failure to state a claim on which relief may be granted).[1] Thus, Plaintiff may not proceed *in forma pauperis* in this case unless his Complaint, as a whole, alleges "imminent danger of serious physical injury" at the time the Complaint was filed. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004); *see also* 28 U.S.C. § 1915(g).

In his Complaint, Plaintiff alleges that, when he arrived at Kilby Correctional Facility in September 2023, an unidentified lieutenant cut his "full length clean locks," which Plaintiff believes violates his "Rastafarin [sic] religion." Doc. 1 at 1. He further alleges, with no additional context, that the "chow hall food isn't done" and two

---

[1] The Court may take judicial notice of its own records and the records of other federal courts. *See Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999). The provided list of "strikes" may not be exhaustive.

2

unidentified "stewarts [sic] . . . got aggressive with [him]." *Id.* at 2. The undersigned finds that these allegations, as a whole, fail to demonstrate that Plaintiff faced imminent danger of serious physical injury at the time the Complaint was filed.

Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case is due to be dismissed without prejudice under § 1915(g).

### III.   CONCLUSION

Accordingly, based on the foregoing, the undersigned RECOMMENDS that:

1.   Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) be DENIED; and

2.   This case be DISMISSED without prejudice under 28 U.S.C. § 1915(g).

It is further ORDERED that, on or before **March 7, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec.,*

*Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 22nd day of February, 2024.


                                      /s/ Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE